1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  GREGORY ESKRIDGE,

11          Plaintiff,            No. CIV S-04-0865 LKK GGH P

12      vs.

13  A. CORREA, et al.,            ORDER AND

14          Defendants.           FINDINGS & RECOMMENDATIONS

15  _____/

16  I. Introduction

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

18  42 U.S.C. § 1983.  Pending before the court is the motion to dismiss pursuant to Fed. R. Civ. P.

19  12(b) and (12(b)(6) filed December 1, 2004, on behalf of defendants Correa, Pliler and Surge.

20  Defendant Surge moves to dismiss on grounds that plaintiff did not exhaust his administrative

21  remedies as to the claims made against him.  Defendants Correa and Pliler move to dismiss on

22  grounds that plaintiff has failed to state a claim against them upon which relief may be granted.

23          Also pending is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and (b)(6)

24  filed February 8, 2005, on behalf of defendant Elsberry.  Defendant Elsberry moves to dismiss on

25  grounds that plaintiff did not exhaust his administrative remedies and failed to state a claim.

26  /////

                                        1

1    After carefully considering the record, the court recommends that the motions to

2  dismiss based on failure to exhaust administrative remedies be denied.  The court orders that the

3  motions to dismiss for failure to state a claim be granted.

4  II.  Plaintiff's Claims

5    This action is proceeding on the original complaint filed April 30, 2004.  The

6  defendants are Correctional Sergeant Elsberry, Warden Pliler, Chief of Inmate Appeals Surges

7  and Correctional Officer Correa.

8    Plaintiff alleges that on March 23, 2003, inmates Storrs, Flores and Walker

9  walked to the first tier of A section.  According to the incident report, defendant Correa observed

10  inmate Walker put his hands up in front of his body in a defensive manner.  Inmates Storrs and

11  Flores were standing next to inmate Walker with their hands at their sides.  Defendant Correa

12  ordered the inmates to get down and told Officer Armstrong to activate the alarm.  Inmate

13  Walker then picked up a trash can and ran down to the day room, followed by inmates Storrs and

14  Flores.

15    Defendant Correa again ordered the inmates to get down.  They refused the order.

16  Defendant Correa then retrieved a 37 mm launcher and again ordered the inmates to get down.

17  They again refused the order.  Defendant Correa saw a sharp metal stabbing instrument in Storr's

18  right hand.  Defendant Correa then fired one 37 mm 264R multiple baton round in front of Storrs

19  and ordered the inmates to get down.  The inmates remained standing.  Defendant Correa then

20  fired one 40 mm direct impact round at Storr's lower torso.  Storrs then turn and ran toward the

21  stairs with the weapon in his hand.  Defendant Correa fired a second 40 mm direct impact round

22  at Storr's lower torso.  At this time, inmate Walker remained standing with the trash can as a

23  defensive shield and inmate Flores stood with his fists in front of his body in a fighting stance.

24    Storrs, Walker and Flores refused another order to get down as Storrs ran up the

25  stairs to the second tier.  As Storrs ran across the second tier, defendant Correa fired a third 40

26  mm direct impact round at Storr's lower torso.  The round struck the window of plaintiff's cell

2

1  and shattered the glass.  The glass struck plaintiff in his left eye.  Plaintiff was treated for glass

2  fragments in his eye and returned to his cell.  The weapon defendant Correa saw in inmate Storr's

3  hand was not found.

4          As legal claims, plaintiff alleges that defendant Correa violated his Eighth

5  Amendment rights by using excessive force.  Plaintiff argues that defendant Correa had an

6  opportunity to stop the attack on inmate Walker while they were all in the day room but failed to

7  do so.  Plaintiff argues that he was injured because defendant Correa did not take steps to prevent

8  the incident from escalating.

9          Plaintiff contends that defendants Pliler, Elsberry and Surges approved of

10 defendant Correa's conduct when they denied plaintiff's administrative appeals regarding the

11 incident.  Plaintiff also alleges that defendant Pliler failed to properly train defendant Correa in

12 the proper use of force.  Plaintiff also alleges that defendant Surges failed to properly investigate

13 plaintiff's complaint when he considered plaintiff's administrative appeal.  Plaintiff also argues

14 that these defendants conspired to cover up defendant Correa's conduct.

15 III.  Failure to Exhaust Administrative Remedies

16          42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to

17 prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

18 any jail, prison, or other correctional facility until such administrative remedies as are available

19 are exhausted."  In order for California prisoners to exhaust administrative remedies, they must

20 proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a

21 CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and

22 4) third level appeal to the Director of the California Department of Corrections.  Barry v.

23 Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A

24 final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at

25 1237-38.

26 /////

3

1         In <u>Booth v. Churner</u>, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates

2    must exhaust administrative remedies, regardless of the relief offered through administrative

3    procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely

4    exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be

5    brought with respect to prison conditions *until* such administrative remedies as are available are

6    exhausted.  <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).

7         On April 8, 2003, plaintiff submitted an administrative appeal regarding the

8    incident involving defendant Correa.  December 1, 2004, Motion to Dismiss, Exhibit A.  This

9    grievance made no reference to defendant Surges.  <u>Id.</u>  In 2003 plaintiff submitted no grievances

10   concerning defendant Surges regarding the incident.  <u>Id.</u>, Exhibit B.  Defendants argue that

11   because the grievance filed by plaintiff regarding the incident made no reference to defendant

12   Surges tacitly approving defendant Correa's actions or failing to investigate the matter, plaintiff

13   has not exhausted his administrative remedies as to this defendant.

14        Defendant Surges denied plaintiff's Director's Level regarding the incident

15   involving defendant Correa.  Motion to Dismiss, Exhibit A.  In the instant action, plaintiff's

16   claims against defendant Surges are based on his denial of this appeal.  Requiring plaintiff to file

17   another round of appeals based on defendant's denial of his Director Level Appeal does not make

18   sense.  Accordingly, the court finds that plaintiff has exhausted his administrative remedies as to

19   the claims against defendant Surges.

20        Defendants argue that the administrative appeal filed by plaintiff regarding the

21   shooting incident did not allege that defendant Elsberry tacitly approved of defendant Correa's

22   actions or conspired to cover up the incident.  Feb. 8, 2005, Motion to Dismiss, Exhibit A.

23   Defendants also state that in 2003 plaintiff submitted no grievance concerning defendant Elsberry

24   and the incident.  <u>Id.</u>, Exhibit B.

25   /////

26   /////

1    Defendant Elsberry denied plaintiff's First Level Appeal regarding the shooting

2  incident.  Id., Exhibit A.  Plaintiff's claims against this defendant concern his handling of this

3  appeal.  Because plaintiff appealed defendant Elsberry's decision to the second and third levels,

4  the court finds that he has exhausted the claims against this defendant.  The court will not require

5  plaintiff to file another round of appeals regarding defendant Elsberry's denial of his First Level

6  appeal.  The motion to dismiss for failure to exhaust administrative remedies as to defendant

7  Elsberry should be denied.

8  IV.  Failure to State a Claim

9          A.  Legal Standard

10    A complaint should not be dismissed under Rule 12(b)(6) unless it appears

11  beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which

12  would entitle him to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803

13  (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley

14  v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d

15  1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based

16  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

17  cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990);

18  see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

19    In considering a motion to dismiss, the court must accept as true the allegations of

20  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

21  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

22  motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

23  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

24  that general allegations embrace those specific facts that are necessary to support the claim.'"

25  NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,

26  561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent

1  standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596

2  (1972).

3          The court may consider facts established by exhibits attached to the complaint.

4  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

5  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

6  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

7  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

8  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

9  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

10          A pro se litigant is entitled to notice of the deficiencies in the complaint and an

11  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

12  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

13          *Defendant Correa*

14          Plaintiff alleges that defendant Correa used excessive force in violation of the

15  Eighth Amendment.  "Where a prison security measure is undertaken ostensibly for the

16  protection of prison officials and the inmate population, force is deemed legitimate as long as it

17  is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and

18  sadistically for the very purpose of causing harm.'" Jeffers v. Gomez, 267 F.3d 895, 910-911 (9th

19  Cir. 2001), quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986).

20          Defendants argue that the claim against defendant Correa should be dismissed

21  because plaintiff has failed to plead facts demonstrating that defendant fired the weapon

22  maliciously and sadistically for the very purpose of causing harm to plaintiff.  Defendants argue

23  that Correa accidently fired a shot that broke plaintiff's cell window.

24  /////

25  /////

26  /////

1          Plaintiff's theory is that defendant Correa acted with improper intent when he shot

2 at inmate Storrs.  Plaintiff does not claim that defendant intended to harm plaintiff.  The doctrine

3 of transferred intent applies to the Eighth Amendment.  Robins v. Meecham, 60 F.3d 1436 (9th

4 Cir.1995).  In Robins, plaintiff Robbins brought a § 1983 action alleging that his Eighth

5 Amendment rights were violated when a correctional officer fired at inmate Echavarria and it

6 ricocheted and hit the plaintiff.  60 F.3d at 1438.  The Ninth Circuit stated that "[w]hom the

7 prison officials shot, Robins or Echavarria, is not relevant–what is relevant is that they fired a

8 shotgun blast at an inmate.  It is this conduct that the Eighth Amendment is designed to restrain."

9 Id. at 1440.

10          In the instant case, plaintiff has alleged that defendant Correa could have stopped

11 the fight sooner but let it get out of control.  Plaintiff also observes that the weapon defendant

12 Correa claims he saw inmate Storrs holding was never found.  In his opposition, plaintiff argues

13 that defendant Correa was engaging in "blood sport."

14          The complaint alleges that the fighting inmates refused *five* orders to get down

15 from defendant Correa before he fired the shot that led to plaintiff's injuries.  The complaint also

16 alleges that defendant Correa had fired *three* separate rounds of baton rounds before he fired the

17 round that led to plaintiff's injuries.  When defendant Correa fired the round at inmate Storrs that

18 caused plaintiff's injuries, inmate Storrs had run up to the second tier.  Based on these

19 circumstances, the court does not find that plaintiff has pled sufficient facts demonstrating that

20 defendant Correa acted sadistically and maliciously when he fired the round that led to plaintiff's

21 injuries.  The facts, as pled, suggest that defendant Correa was legitimately trying to restore

22 discipline.

23          That the weapon defendant Correa reported inmate Storrs as holding was not

24 found does not undercut the court's finding.  Even if inmate Storrs had not been holding a

25 weapon, the facts as pled demonstrate that defendant Correa was making a good faith effort to

26 restore discipline.  Plaintiff's claim that defendant Correa let the fight escalate is not supported

1   by the facts as pled.  As stated above, the inmates repeatedly refused orders to get down and

2   continued to fight after having been fired upon several times.  These facts do not suggest that

3   defendant Correa let the fight go on in order to engage in "blood sport."

4          For the reasons discussed above, the court grants defendants' motion to dismiss

5   for failure to state a claim as to defendant Correa.

6          *Defendant Pliler*

7          Defendant argues that plaintiff has not plead sufficient facts in support of his

8   claim that defendant Pliler failed to train her employees in the use of force.  In order to succeed

9   on a failure to train claim, plaintiff must plead facts demonstrating that defendant Pliler made a

10  deliberate or conscious choice to fail to train her employees adequately.  <u>Boyd v. Benton County</u>,

11  374 F.3d 773, 784 (9th Cir. 2004).  Plaintiff has pled no facts demonstrating that defendant Pliler

12  consciously chose not to adequately train her employees regarding the use of force.

13         In addition, plaintiff cannot state a colorable failure to train claim against

14  defendant Pliler based on the shooting incident unless he can state a colorable claim against

15  defendant Correa.  In other words, if defendant Correa did not violate plaintiff's constitutional

16  rights, then defendant Pliler's alleged failure to train defendant Correa did not violate plaintiff's

17  constitutional rights.

18         For the reasons discussed above, defendants' motion to dismiss plaintiff's failure

19  to train claim against defendant Pliler is granted.

20         Plaintiff also alleges that defendant Pliler approved of defendant Correa's conduct

21  when she denied plaintiff's administrative appeal.  Plaintiff also alleges that defendant Pliler

22  conspired with the other defendants to cover up defendant Correa's conduct.  Although

23  defendants have not moved to dismiss these claims, these claims are dismissed for failing to state

24  a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(the court may dismiss the case

25  at any time if it determines that it fails to state a claim on which relief may be granted).

26  /////

1        Defendants sued in their individual capacity must be alleged to have:  personally

2 participated in the alleged deprivation of constitutional rights; *knew of the violations and failed*

3 *to act to prevent them*; or that they implemented a policy that repudiates constitutional rights and

4 was the moving force behind the alleged violations.  <u>Larez v. City of Los Angeles</u>, 946 F.2d 630,

5 646 (9th Cir. 1991); <u>Hansen v. Black</u>, 885 F.2d 642 (9th Cir. 1989); <u>Taylor v. List</u>, 880 F.2d

6 1040 (9th Cir. 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,'

7 <u>Imbler v. Pachtman</u>, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear

8 that not every injury in which a state official has played some part is actionable under that

9 statute."  <u>Martinez v. State of California</u>, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).

10 "Without proximate cause, there is no § 1983 liability."  <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d

11 831, 837 (9th Cir. 1996).

12                The search, which was performed in accordance with this
constitutionally valid strip search policy, was subsequently ratified

13                by the School Board when Mr. Williams filed a grievance.
Therefore, Williams' only grasp at evoking municipal liability

14                under § 1983 is to show that this subsequent ratification is
sufficient to establish the necessary causation requirements.  Based

15                on the facts, the Board believed Ellington and his colleagues were
justified in conducting the search of Williams.  There was no

16                history that the policy had been repeatedly or even sporadically
misapplied by school officials in the past.  Consequently, the

17                School Board cannot be held liable for the ratification of the search
in question, because this single, isolated decision can hardly

18                constitute the "moving force" behind the alleged constitutional
deprivation.

19

20 <u>Williams v. Ellington</u>, 936 F.2d 881, 884-885 (9th Cir. 1991).

21        The court is unwilling to adopt a rule that anyone involved in adjudicating

22 grievances after the fact is per se potentially liable under a ratification theory.  This is not to say

23 that persons involved in adjudicating administrative disputes, or persons to whom complaints are

24 sometimes made, can never be liable under a ratification theory.  If a reviewing official's

25 previous rejections of complaints can be construed as an automatic whitewash which may have

26 influenced the acting defendants in plaintiff's case, i.e., they had no concern of ever being

1  reprimanded, a ratifying official may be liable for having put a defective "policy" in place.

2  However, in the absence of any facts asserting that the reviewer's actions in the past, in

3  substantially similar situations, may have encouraged the alleged actors in the instant case to

4  violated constitutional rights, plaintiff has not set forth a claim against grievance reviewers.

5  This fact alone is not sufficient to demonstrate a conspiracy.  Moreover, plaintiff cannot state a

6  colorable conspiracy claim against defendant Plilier until he states a colorable constitutional

7  claim against defendant Correa.

8              *Defendant Elsberry*

9              Plaintiff alleges that defendant Elsberry approved defendant Correa's conduct by

10  denying plaintiff's administrative appeal regarding the matter.  Plaintiff also alleges that

11  defendant Correa conspired with the other defendants to cover up the incident.  The only fact

12  pled by plaintiff in support of his conspiracy claim against defendant Elsberry is that he denied

13  plaintiff's administrative appeal. This fact alone is not sufficient to demonstrate a conspiracy.

14  Moreover, plaintiff cannot state a colorable conspiracy claim against defendant Elsberry until he

15  states a colorable constitutional claim against defendant Correa.  For these reasons, the motion to

16  dismiss for failure to state a claim as to defendant Elsberry is granted.

17              *Defendant Surges*

18              Although defendants have not moved to dismiss the claims against defendant

19  Surges for failure to state a claim, the court orders these claims dismissed pursuant to 28 U.S.C.

20  § 1915(e)(2).

21              Plaintiff alleges that defendant Surges approved of defendant Correa's conduct

22  when he denied plaintiff's administrative appeals.  Plaintiff also alleges that defendant Surges

23  failed to properly investigate plaintiff's administrative appeal and conspired with the other

24  defendants to cover up defendant Correa's conduct.

25  /////

26  /////

1          The court construes the complaint to be claiming that defendant Surges conspired

2    to cover up defendant Correa's conduct by not adequately investigating plaintiff's appeal and by

3    denying the appeal.  These allegations alone do not demonstrate a conspiracy with the other

4    defendants to cover up defendant Correa's alleged misconduct.  Moreover, plaintiff cannot state a

5    colorable conspiracy claim against defendant Surges until he states a colorable constitutional

6    claim against defendant Correa.  For these reasons, the claims against defendant Surges are

7    dismissed with leave to amend.

8          Accordingly, IT IS HEREBY ORDERED that:

9          1.  The motion to dismiss filed December 1, 2004, is granted on grounds that the

10   complaint fails to state a colorable claim for relief as to defendants Correa and Pliler;

11         2.  The motion to dismiss filed February 8, 2005, is granted on grounds that the

12   complaint fails to state a colorable claim for relief against defendant Elsbery;

13         3. The claims against defendant Surges are dismissed pursuant to 28 U.S.C. §

14   1915(e)(2);

15         4.  Plaintiff is granted thirty days from the date of this order to file an amended

16   complaint; failure to comply with this order will result in a recommendation of dismissal of this

17   action; defendants shall not respond to the amended complaint until ordered to by the court;

18         IT IS HEREBY RECOMMENDED that:

19         1.  The motion to dismiss filed December 1, 2004, on grounds that the claims

20   against defendants Surges are not administratively exhausted be denied;

21         2.  The motion to dismiss filed February 8, 2005, on grounds that the claims

22   against defendant Elsberry are not administratively exhausted be denied.

23         These findings and recommendations are submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

25   days after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

11

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2   shall be served and filed within ten days after service of the objections.  The parties are advised

3   that failure to file objections within the specified time may waive the right to appeal the District

4   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   DATED:   4/22/05

6

7                                      /s/ Gregory G. Hollows

                                       _____

8                                      GREGORY G. HOLLOWS

  ggh:kj                            UNITED STATES MAGISTRATE JUDGE

9   esk865.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26