IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ESKRIDGE,

        Plaintiff,                     No. CIV S-04-0865 LKK GGH P

    vs.

A. CORREA, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel filed June 1, 2006.

        In this action, plaintiff alleges that on March 23, 2003, defendant Correa was in the process of releasing Northern Hispanic inmates on lockdown for showers.  Defendant opened two cells, allowing four inmates to be released.  Defendant allegedly observed inmates Storrs and Flores standing 20 feet from inmate Walker.  Plaintiff claims that although these inmates did not engage in any combat, defendant Correa began shooting.  As inmate Storrs began running away from the shots, defendant continued to shoot at him.  One of the shots struck and shattered the window of plaintiff's cell, causing an injury to plaintiff's eye.

        Plaintiff alleges that defendant Correa acted with deliberate indifference to his safety when he shot inmate Storrs. Plaintiff alleges that defendant was not attempting to restore

1

order when he shot inmate Storrs but was instead engaging in "blood sport."

In the motion to compel, plaintiff first argues that defendants did not respond to his second request for production of documents which he served on April 4, 2006. Pursuant to the January 20, 2006, scheduling order, all motions to compel were due on or before May 5, 2006, and all discovery requests were to be served at least 60 days prior to that date. On April 25, 2006, the court granted plaintiff a thirty day extension of time to file a motion to compel regarding defendants' responses to his first set of discovery requests. The court denied plaintiff's request to extend the discovery cut-off date to conduct additional discovery. Accordingly, the motion to compel regarding plaintiff's second request for production is denied.

Plaintiff also seeks to compel further responses to his first request for production of documents nos. 1, 9 and 10. Request no. 1 sought copies of all policies and procedures regarding the shooting policy on March 23, 2003, at Folsom Prison where plaintiff was housed in unit 6. Defendants initially provided plaintiff with copies of the policies related to firearms. After reading the motion to compel, defendants determined that plaintiff was seeking the "use of force" policy. Defendants have now served plaintiff with a copy of the use of force policy that was effect in 2003, the current use of force policy and policies related to firearms training. Because defendants have now provided plaintiff with the requested documents, the motion to compel as to request no. 1 is denied.

In request no. 1, plaintiff also moves to compel defendants to provide him with copies of "specific resource directives." It is unclear to what this request refers. In the opposition to the pending motion, defendants state that plaintiff is apparently moving to compel defendants to provide him with copies of the California Penal Code sections referenced in the policies that were served on him. Defendants state that they should not be required to provide plaintiff with documents that are equally available to him in the law library. The court agrees. The motion to compel is denied as to this request.

/////

1   Request no. 9 sought copies of any and all documents of prior assaults committed
2   by Northern Hispanics on one another or other inmates for the past five years.  Defendants state
3   that plaintiff is apparently attempting to demonstrate that Northern Hispanic inmates have an
4   ongoing pattern of violence.  Plaintiff may be attempting to argue that because Northern Hispanic
5   inmates have a pattern of violence, defendant Correa should not have opened two cells at once.
6   Defendants argue that this supposed fact has nothing to do with the allegations in
7   the complaint.  Plaintiff alleges that the inmates released from their cells were not engaging in
8   conduct which justified defendant's use of force.  Based on this allegation, whether the Northern
9   Hispanic inmates had a pattern of violence is not relevant nor likely to lead to relevant
10  information.  Accordingly, the motion to compel as to this request is denied.
11  Request no. 10 seeks copies of "any and all documents relating to the lockdown
12  and/or modified policies concerning showers in general memorandum from 3/23/03 and what the
13  status of the Institution was."  Defendants argue that the request is overbroad in that it seeks
14  documents related to the entire prison.  Defendants contend that the only relevant documents
15  would be those related to plaintiff's housing unit.  Defendants have now provided plaintiff with
16  the document indicating the normal shower policy in effect in plaintiff's housing unit on the date
17  of the incident.  Defendants state that they have also served plaintiff with a copy of a
18  memorandum dated March 23, 2003, which prohibited showers for Northern Hispanic inmates
19  because of the incident in which plaintiff was injured.
20  Defendants have adequately responded to request no. 10.  Accordingly, the motion
21  to compel as to this request is denied.
22  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel filed
23  June 1, 2006, is denied.
24  DATED:   8/11/06
25  /s/ Gregory G. Hollows
    _____
    GREGORY G. HOLLOWS
26  esk865.com                                   UNITED STATES MAGISTRATE JUDGE